IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL TAYLOR, | ) |
|     Plaintiff, | ) Civil Case No. 7:17-cv-00099 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| LESLIE FLEMING, *et al.*, | )     United States District Judge |
|     Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Daniel Taylor, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. A motion to dismiss all claims by all defendants is pending before the court. Although Taylor filed a response in opposition to the motion to dismiss, he has since filed a motion to amend or correct his complaint. (Dkt. No. 58.) In that motion, he seeks the dismissal of his claims "regarding excessive fines and crowding" and also asks that defendant Hensley be dismissed.

Taylor's motion to amend (Dkt. No. 58) will be granted, and the court will dismiss the identified claims and defendant Hensley. Based on the court's evaluation of the complaint, that leaves only two Eighth Amendment conditions-of-confinement claims. The first is based on defendants' alleged failure to provide appropriate clothing to protect from winter weather and wetness. The second is based on defendants' alleged failure to provide adequate amounts of clothing. The court thus considers the remaining defendants' motion to dismiss these claims (Dkt. No. 45) and Taylor's responses thereto. For the reasons set forth herein, the court will grant defendants' motion to dismiss the remaining claims and dismiss this case without prejudice.

I.  BACKGROUND

The allegations in Taylor's complaint as to these claims are that, "[d]uring winter months," inmates at Wallens Ridge State Prison ("WRSP")—where he is housed—are not provided with "hats, boots, gloves, [or] a scarf" for the "frigid outside temperatures." (Am. Compl. 7, Dkt. No. 39.)  He also alleges that the canvas shoes provided do not cover his feet, which causes a problem "in snow, ice, and rain walking to and from" various locations "because snow and wetness from the rain get into [his] socks "creating . . . sickness." (*Id.*)  Additionally, inmates housed in a restricted housing unit ("RHU") are not issued a "thermal top" or "thermal bottoms" on a year-round basis. (*Id.*)  He alleges that the prison does not run the heat in the RHU during winter and that temperatures are low in the cells, such that "it seems like hypothermia is setting [in]" which causes "runny nose and sometimes a minor cough." (*Id.* at 7–8.)

With regard to the inadequate supply of clothing, Taylor alleges that he does not receive as many separate items of white prison-issued clothing and linens as he previously did. Specifically, "[a]t one time seven pairs of socks, seven pairs of boxer shorts[,] two towels, two washcloths, two pillowcases and seven tees were delivered . . . every eight months." (*Id.* at 7.) At the time he filed his complaint, however, he receives only "four pairs of socks, four pairs of boxer shorts, two towels, one washcloth, one pillow case, and four tees once a year." (*Id.*) Because he does not receive as many separate items as he used to and has to keep them for longer, those items become "dingy" well before they are ultimately replaced.

He names four defendants, but, as discussed below, he does not allege any specific actions taken by any of them.

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B. Eighth Amendment

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," *id.* at 349, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the

defendant prison officials acted with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

To establish the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To establish the second element of deliberate indifference, a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious harm, and that the defendant must have actually recognized the existence of such a risk. *See, e.g., Farmer*, 511 U.S. at 838–840; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994). The plaintiff also must show that the defendant subjectively recognized that his actions were inappropriate in light of that risk. *Parrish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (citation omitted).

At the outset, the court finds it questionable whether Taylor's allegations state a sufficient harm or risk of harm to satisfy the first prong of an Eighth Amendment claim. For example, his complaint fails to allege that being required to use lesser items of clothing for a longer amount of time before they are replaced caused any physical or emotional harm to him, let alone a *significant* harm.[1] Similarly, as to his allegations concerning the inadequacy of the winter clothing provided,[2] and the inadequacy of the clothing provided to prisoners housed in the RHU, coupled with inadequate heat, his allegations of harm are largely conclusory and vague. For example, he alleges receiving a runny nose and "minor cough," from the lack of clothing while

---

[1] In one of his filings responding to the motion to dismiss, Taylor suggest that the dingy clothes may have resulted in a scar under his abdomen, which "Dr. Miller" originally thought was "fungus." (Dkt. No. 55 at 1.) First of all, this allegation was not contained in his complaint, which is the document being evaluated on a motion to dismiss. It is also cryptic and does not even attempt to provide any allegations to show causation. Moreover, the same allegation references another case of Taylor's, 7:15-cv-653. Upon inspection of that case, it appears that Dr. Miller treated plaintiff for a skin condition under his abdomen in 2012, years before this 2017 lawsuit was filed. Thus, a claim based upon that harm would be time-barred, in all likelihood.

[2] Defendants correctly note that Taylor does *not* allege that he is not provided a coat.

housed in the RHU, and "the situation of sickness" as a result of snow and wetness getting into his socks from inadequate shoes and lack of other gear. *See Chance v. Spears*, 2009 WL 3768736, at *2 (S.D.W. Va. Nov. 10, 2009) ("Although plaintiff makes conclusory assertions about the potential harm that may be wrought without additional protective clothing, his allegations simply do not rise to the level of extreme deprivation necessary to state a conditions-of-confinement violation."); *Canada v. Stirling*, 2018 WL 6981119, at *5 (D.S.C. Dec. 17, 2018) (recommending grant of summary judgment where plaintiff alleged an Eighth Amendment claim based on being given only shower shoes to wear and explaining that "alleged injuries of 'wet feet' and 'coldness' are not sufficiently serious to justify relief"), *report and recommendation adopted by Canada v. Stirling,* 2019 WL 132869 (D.S.C. Jan. 8, 2019). Nonetheless, for purposes of this opinion the court will assume, without deciding, that Taylor's allegations concerning inadequate or inappropriate clothing describe a deprivation sufficiently serious to state an Eighth Amendment claim.

Even so, Taylor's claims are nonetheless subject to dismissal because he has not alleged personal involvement by any of the defendants except that Craft responded to an informal complaint and directed him to the Warden. As to all of the defendants, moreover, Taylor simply has not alleged adequate facts to establish deliberate indifference. Thus, the court will grant the motion to dismiss.

Taylor names four defendants: Harold Clarke, the director of VDOC, Warden Mannis, the warden of WRSP, and two correctional officers who "held the rank of laundry supervisor" at WRSP during the relevant times: Craft and Sensabaugh. His complaint, however, does not allege any facts showing that any of these individuals had knowledge of a substantial risk to him and were deliberately indifferent to it.

Although there is nothing in the text of the complaint itself referencing actions by any of these defendants, Taylor also has attached to his complaint a number of documents related to his grievances on this and other claims. One of these, an informal complaint form about the laundry not distributing boots, hat, and gloves, and complaining about the lack of protection from canvas shoes, was answered by defendant Craft. Thus, Craft had knowledge of some of Taylor's general complaints, although even that form does not state that Taylor is being harmed in any way so as to put Craft on notice of harm or a substantial risk of harm. In any event, Craft's answer was that Taylor's complaints "need to be answered by someone other than myself, like the Warden, Asst. Warden." (Dkt. No. 39, at 13.) This is an appropriate and reasonable response to a complaint over something that is very unlikely to be a decision made by the laundry supervisor himself. It does not sufficiently allege facts to state a claim of deliberate indifference by Craft. Moreover, Taylor has not attached any documentation to his amended complaint showing that he pursued that complaint or filed a regular grievance about it.

Notably, none of the other documents submitted by Taylor appear to refer to or be signed by any of the other defendants. Taylor's responses to the motion to dismiss do not point to allegations in his complaint of personal involvement, nor does he offer any additional evidence that suggests any other defendant had subjective knowledge of facts giving rise to a substantial risk to him. Instead, he states that grievances are supposed to go to the warden and to Richmond, Virginia, "where Harold Clarke's desk is," and makes general arguments about how defendants are "responsible" for inmates' well-being and protection. (Dkt. No. 51 at 3–5.)

Plaintiff does not allege any facts, however, to show that either Clarke, Mannis, or Sensabaugh was, in fact, aware of facts indicating a substantial risk of serious harm from the lack of winter clothing or inadequate clothing or linens, or that they actually recognized the existence

6

of a substantial risk of harm. *See Farmer*, 511 U.S. at 838. Moreover, they cannot be liable under the theory of *respondeat superior*. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978).

III. CONCLUSION

Because Taylor's complaint fails to state a constitutional deprivation actionable under § 1983, defendants' motion to dismiss must be granted and Taylor's complaint must be dismissed.

An appropriate order will be entered.

Entered: January 17, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge