IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DANIEL TAYLOR,                          )
    Plaintiff,                          )          Civil Case No. 7:17-cv-00099
v.                                      )
                      )          By: Elizabeth K. Dillon
LESLIE FLEMING, *et al.*,               )              United States District Judge
    Defendants.                         )

**MEMORANDUM OPINION**

Plaintiff Daniel Taylor, a Virginia inmate proceeding *pro se*, filed this action pursuant to

42 U.S.C. § 1983.  The court previously granted defendants' motion to dismiss, but it gave

Taylor an additional opportunity to file another amended complaint if he could cure the

identified deficiencies in his last complaint.  (Dkt. Nos. 59, 60.)  Now pending before the court is

a second motion to dismiss by all defendants (Dkt. No. 66), in which they seek dismissal of

Taylor's second amended complaint in its entirety, which the court has described as Dkt. No. 61,

as supplemented by Dkt. No. 64.  (*See* Dkt. No. 65.)  The court also has considered Taylor's

response in opposition (Dkt. No. 69).[1]  Because Taylor's second amended complaint still fails to

plausibly state a claim against any defendant under § 1983, the court will grant defendants'

motion to dismiss.

## I.   BACKGROUND

Taylor's second amended complaint names four individuals as defendants: (1) Harold

Clarke, the Director of the Virginia Department of Corrections ("VDOC"); (2) Leslie Fleming,

the Warden at Wallens Ridge State Prison ("WRSP"), where Taylor was housed at all relevant

---

[1]  Taylor's opposition (Dkt. No. 69) primarily attempts to add additional facts that are not part of his second amended complaint and are outside the scope of its claims.  A party may not amend his pleadings through briefing, however.  *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013).  Accordingly, the court does not treat those allegations as part of the second amended complaint. *See id.*

times; (3) Craft, a laundry supervisor at WRSP; and (4) Sensabaugh, who also was a laundry

supervisor at WRSP.  (Second Am. Compl. 1–2, Dkt. No. 61.)

In his second amended complaint, Taylor alleges that he receives new clothing only once

every twelve months and sometimes less frequently.  He also complains that he is given

insufficient "white laundry"—*i.e.*, "only four pairs of socks, four tees and four pairs of boxer

shorts" every twelve months, along with only one pillowcase, one hand towel, and one

washcloth, instead of two of each.  (*Id.* at 3.)  He claims that over time, "dirt and grime can be

detected on tees" when returned after being laundered.  (*Id.*)  He also complains that laundry is

placed on the same cart with mopheads, although in a plastic bag.  (*Id.* at 3–4.)  He alleges that

inmates assigned to the restricted housing unit ("RHU") are not permitted to keep with them any

thermal top or bottoms they have purchased through the commissary.[2]  He complains that the

lack of thermal clothing is problematic because the cells in the RHU are "so cold it's caused me

to think hypothermia is setting in" and says that on one occasion, "frost from breathing" was

visible.  (*Id.* at 4.)  He also alleges that WRSP does not issue scarves or gloves, and that boots

and hats have to be purchased and even those are "slip-on shoes" that do not adequately protect

his feet from snowfall or rainfall.  (*Id.*)  He claims that, as a result of these combined conditions,

he has had a "runny nose, minor cough" and "recently," a "throat irritation."  (*Id.*)

Taylor alleges "personal involvement" of defendants on the basis that his requests for

laundry have been "ignored during winter months."  (*Id.* at 5.)  He also claims that Clarke and

Warden Fleming "both know of the situation" and contends that they should know from

unspecified paperwork and from policies both that insufficient clothing is being issued and that

---

[2] Taylor includes this allegation both as part of his first claim and as a second, separate claim

thermal tops and bottoms, even ones previously purchased from the commissary, are not permitted in the RHU. (*Id.*)

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B. Eighth Amendment

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," *id.* at 349, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts

3

caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

To establish the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To establish the second element of deliberate indifference, a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious harm and that the defendant must have actually recognized the existence of such a risk. *See, e.g., Farmer*, 511 U.S. at 838–840; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994). The plaintiff also must show that the defendant subjectively recognized that his actions were inappropriate in light of that risk. *Parrish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (citation omitted).

As with the prior version of his complaint, Taylor's claims in his second amended complaint fail to state a claim. First of all, it does not appear that Taylor can show a "significant" harm or grave risk of such harm as a result of having to wear clothing that is not laundered or replaced as often as he would like, from not being given hats, scarves, and boots, or from not being permitted to wear thermal tops and bottoms while housed in the RHU, where the temperatures are cold. As the court noted in its prior opinion, the symptoms Taylor describes—a runny nose, cough, and throat irritation—are unlikely to satisfy the objective element of an Eighth Amendment claim. *See, e.g.*, *Canada v. Stirling*, 2018 WL 6981119, at *5 (D.S.C. Dec. 17, 2018) (recommending grant of summary judgment where plaintiff alleged an Eighth Amendment claim based on being given only shower shoes to wear and explaining that "alleged injuries of 'wet feet' and 'coldness' are not sufficiently serious to justify relief"), *report and*

*recommendation adopted by Canada v. Stirling,* 2019 WL 132869 (D.S.C. Jan. 8, 2019); *Chance v. Spears*, 2009 WL 3768736, at *2 (S.D.W. Va. Nov. 10, 2009) ("Although plaintiff makes conclusory assertions about the potential harm that may be wrought without additional protective clothing, his allegations simply do not rise to the level of extreme deprivation necessary to state a conditions-of-confinement violation.").

Even if he had stated a sufficiently serious deprivation, though, Taylor's claims are nonetheless subject to dismissal because he has not alleged adequate facts to establish deliberate indifference on the part of any defendant.  In particular, Taylor does not identify any facts to show that any of the four defendants had knowledge of a substantial risk to him and were deliberately indifferent to it.  Ignoring laundry forms, or being aware of general policies prohibiting RHU inmates from possessing thermal tops does not show that any defendant was subjectively aware of a substantial risk to Taylor (or anyone) from the conditions he describes. *See Farmer*, 511 U.S. at 838.  Moreover, defendants cannot be liable under the theory of *respondeat superior*.  *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978).

## III.  CONCLUSION

Because Taylor's second amended complaint fails to state a constitutional deprivation actionable under § 1983, defendants' motion to dismiss must be granted and Taylor's complaint must be dismissed.  An appropriate order will be entered.

Entered: November 13, 2020.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge